JOHN H. GALLAGHER *vs.* JOHN F. HARLOW, *Ex.*

JULY 18, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This action of assumpsit was tried in the
superior court before a justice of that court sitting with a
jury and resulted in a verdict for the plaintiff.  It is here
on the defendant's exceptions to the denial of his motion

for a new trial, and to three other rulings of the trial justice. These four are the only exceptions out of fourteen set out in his bill of exceptions which the defendant has briefed and argued in this court and, hence, they are the only ones which we shall consider. The remaining exceptions are deemed to have been waived.

Exception four in the bill of exceptions, being the first exception briefed, is to the denial of defendant's motion to nonsuit the plaintiff or to strike out certain of the plaintiff's evidence introduced in proof of plaintiff's claim for certain work and labor done on the real property of defendant's testate at her request, and also for certain specific sums of money loaned her by the plaintiff. The defendant objected to this evidence, first, because it was opinion testimony merely and not probative of the plaintiff's claim; and second, because such evidence, even if admissible as expert testimony, was insufficient to prove that the defendant's testatrix had agreed to pay for such work and labor and because it did not overcome the presumption that it was a gift to her by the plaintiff rather than a business arrangement between her and him.

The plaintiff was the husband of defendant's testatrix, Catherine Gallagher, and lived with her from the day of his marriage, February 27, 1900, to the summer of 1936, when he fell ill and went to the home of his brother in Milford, Massachusetts. During his absence his wife died testate on September 6, 1937, in the city of Providence. There had been no children born of this marriage, but a niece of the testatrix had been raised in their home. This niece was the immediate chief beneficiary of the testatrix's will and the plaintiff was bequeathed a nominal legacy of one dollar.

Upon proof of the will and the qualification of defendant as executor, plaintiff filed, in the probate court of the city of Providence, a claim against his wife's estate, containing

sixteen separate items. This claim was duly disallowed by the defendant and thereupon plaintiff brought this action. At the trial, plaintiff testified that he had done certain painting and papering on real property belonging to his wife, at divers times from 1909 to 1935, as shown in the items set forth in his claim; that he had paid the taxes on some of this real estate in certain specified years; and also that on certain definite occasions, set out in the claim, he had loaned her sums of money. He further testified that he performed this work on her property and made these loans to her on the express understanding between them that she would compensate him therefor by devising to him all her real estate. There was testimony from other witnesses tending, to some extent, to corroborate plaintiff's testimony.

The evidence showed that the plaintiff had been for a great many years in the painting and papering business as a contractor and that at times he had been very busy in this line of work and frequently had as many as twelve workmen employed on work which he had contracted to perform. His wife had, for a part of their married life, worked as a sewer in several mills and had also at several periods conducted a house for lodgers. She had thus acquired some funds of her own, which she had invested in real estate, together with what money she had received from the plaintiff during times when his business was good.

The plaintiff did not seek to enforce the alleged contract with his wife for the devise of all of her real estate, but he treated her failure to perform such promise as a breach of the alleged contract. The instant suit was, in effect, a suit on the common counts to recover the sums of money which he had advanced or loaned to her, and also to recover the value of the work and labor which he had performed for her benefit and at her express request.

The defendant contended before us that the evidence in proof of the items of work and labor consisted merely of

the opinion of the plaintiff as to the value of such work and labor and was, therefore, insufficient to afford the jury a basis upon which they could find a verdict for the plaintiff. And he contended further that such evidence was not specific enough to prove the items of work and labor set out in the claim.

Upon careful consideration of this evidence, we are of the opinion that the contentions of the defendant are lacking in merit. The plaintiff was clearly shown to be qualified to give his opinion as to the reasonable value of such work and labor. And the evidence was otherwise of such a character as to furnish the jury with a sufficient basis upon which it could reasonably determine what, if any, was the amount due for the value of the work and labor performed for the decedent's benefit. Obviously, with this evidence remaining in the case, there is no merit in the defendant's exception to the denial of his motion to nonsuit the plaintiff. The defendant's exception is, therefore, overruled.

Exception eleven in the bill of exceptions, being the second exception briefed, is to the denial of defendant's motion for a directed verdict in his favor. In view of the clear conflict in the evidence, there is no merit to this exception. On such a motion "if there is any evidence to support the plaintiff's right of action, the case must be submitted to the jury." *Douglas* v. *First National Stores,* 54 R. I. 278.

The defendant's third exception in his brief, which is exception thirteen in his bill, is to the trial justice's refusal of two requests to charge, as follows: "2. The jury are instructed that whenever a husband expends money in making improvements on the property of his wife, the law presumes the same to be a gift or advancement from husband to wife and in such cases the law does not imply a promise on the part of the wife to repay the money expended. 4. The jury are instructed that the deceased had a clear right under the law to leave her estate to any person she choose

and the plaintiff as husband of the deceased had no claim upon her estate of any kind; that the plaintiff's claim is based solely upon an alleged business arrangement with the deceased and unless the same is established by the strongest evidence, the jury must find a verdict for the defendant."

Neither request was proper. As to the first request, the plaintiff's claim is not based upon an implied promise of the decedent but on an express promise and, therefore, the principle of law stated in the request is not applicable. *Messier* v. *Messier,* 34 R. I. 233. As to the second request, the plaintiff is not claiming any share of his wife's estate and, therefore, the first part of this request has no application; the second part of this request does not correctly state the law governing the burden of proof in a case like the instant one. The burden of proof resting upon the plaintiff in such a case is something more than that of a mere preponderance of the evidence, but it is not proof beyond a reasonable doubt, which is the strongest proof known to our law. This court has held that, to support a verdict in a case against an estate, the proof must be clear and convincing. *McAtee* v. *Jackson,* (R. I.) 157 A. 305.

We recently approved this rule in the case of *Armour* v. *Doonan, Ex.,* 55 R. I. 243, and the trial justice expressly applied it in the instant case by quotations from the language of that opinion, in his charge to the jury, saying: "Actions of this character, when one party to the transaction is deceased, call for the closest scrutiny. Courts and juries should scan the evidence in such a case with special care so as to prevent the estates of deceased persons from being unjustly mulcted in damages. The proof in order to support a verdict against an estate must be clear and convincing." There was no error, therefore, in the refusal of the trial justice to grant defendant's requests; and defendant's exception is accordingly overruled.

The defendant's fourth exception as briefed, which is the fourteenth in his bill of exceptions, is to the denial of his motion for a new trial. This motion was based on the grounds that the verdict was against the law, the evidence, and the law and the evidence; and also that the jury was swayed by passion and prejudice against the defendant and by sympathy for the plaintiff, and on the further ground of newly discovered evidence.

The trial justice wrote a rescript in which he reviewed and analyzed the evidence and carefully weighed and considered each of the above grounds. He overruled all of them and expressly approved the verdict of the jury. Unless his decision is clearly wrong, it will not be disturbed by this court. After consideration of the defendant's brief and argument on this point, and a careful reading of all the evidence, we are not persuaded that the trial justice was clearly wrong in denying defendant's motion.

We have searched the transcript for evidence that could reasonably be said to have aroused in the jury passion and prejudice against the defendant or sympathy for the plaintiff, but we have been unable to find any.

The newly discovered evidence relied upon by the defendant was the existence of an earlier will of the deceased made in 1929, in which the plaintiff was left only one dollar. This will tended to corroborate the testimony of one of the defendant's witnesses that the deceased had made an earlier will to that effect; and it also tended to show that long before she made the instant will, she did not intend to leave her property to her husband. Neither of these facts are important nor could they have had any effect on the issues which the jury was called upon to decide. These issues were whether the plaintiff had an understanding with his wife that he was to be paid for expenditures which he had made, and for services which he had performed, on her real property over a definite period of years; and also whether he

had made certain loans to the deceased, with the understanding that these loans were to be repaid. In other words, the questions which the jury had to answer were: Did the plaintiff do the work and labor on decedent's realty and pay for the material used in such work out of his own funds? Did he loan the sums of money, which he alleged, to the deceased and also pay taxes on her realty? And finally, if he did these things, did he do them with the express understanding that he was to be repaid therefor by the decedent?

These questions have been answered by the jury's verdict in the affirmative; and their answers have been approved by the trial justice. Whether or not they should be thus answered was dependent in no small degree upon the credibility of the witnesses, chief of whom for the plaintiff was himself and, for the defendant, the decedent's niece, who was the principal beneficiary under the decedent's will. The trial justice has definitely expressed his opinion of each of these witnesses. He stated that he was very favorably impressed by the plaintiff and unfavorably so by the niece. Indeed, he expressed his lack of confidence in her. In view of the fact that the testimony of each of them was vital on each side, this estimate of their testimony by the trial justice is most important. He had the opportunity, which we did not have, of seeing and hearing them testify. Bearing such advantage in mind, we have come to the conclusion that there is nothing in the transcript which would warrant us in finding that his decision on this motion was clearly wrong. Defendant's exception thereto is, therefore, overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment upon the verdict.

*E. Raymond Walsh, Walter J. Hennessey,* for plaintiff.

*Harlow & Boudreau,* for defendant.